UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRELL BROCK,

                    Plaintiff,

          -against-

VASSAR BROTHERS MEDICAL CENTER,

                    Defendant.

22-CV-9342 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who currently incarcerated at Orleans Correctional Facility in Albion, New

York, brings this *pro se* action alleging that Defendant committed medical malpractice. By order

dated November 2, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

(IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court

dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter

jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using the court's Prisoner Complaint form, but he does not specify a jurisdictional basis for his claims. He sues Vassar Brothers Medical Center (Vassar) for medical malpractice, and he seeks money damages.

The following allegations are taken from the complaint. On July 4, 2020, Plaintiff was assaulted in the City of Poughkeepsie and was taken to the emergency room at Vassar for

lacerations on his head and pain in his ribs on the right side. The doctors at Vassar took x-rays, gave Plaintiff 18 staples and stiches, and discharged him. On July 7, 2020, Plaintiff went to the emergency room at White Plains Hospital with rib pain and was diagnosed with three rib fractures. Between July 7, 2020, and November 2020, Plaintiff went to the emergency room at White Plains "several times" due to pain in his ribs and he still experiences "[d]iscomfort" in his right rib cage area. (ECF 2, at 4.) Plaintiff states that he was prescribed oxycodone twice, lidocaine patches, and Tylenol. He also alleges that Vassar has ignored his requests for medical records.

Plaintiff asserts that Vassar committed medical malpractice when it failed to diagnose him with three fractured ribs.

Plaintiff seeks $100,000 in money damages.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff's allegations do not suggest a violation of any federal law. Rather, he asserts that the defendant hospital committed malpractice by providing inadequate medical care for his fractured ribs, which is a claim that arises under state law.[1]

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

---

[1] Plaintiff's allegations do not suggest any possible claim under 42 U.S.C. § 1983, which provides a vehicle for redress of a deprivation of federally protected rights by persons acting under color of state law. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. V. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2002); *see also Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff sues Vassar Brothers Medical Center, a private entity that is not subject to liability under Section 1983, for medical malpractice that allegedly occurred while he was not in custody.

4

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff's complaint suggests that both he and Defendant are citizens of New York, precluding the existence of diversity of citizenship.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of providing by a preponderance of the evidence that it exists.").

## B.    Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## C.    Plaintiff's Litigation History and Warning

Plaintiff has previously filed a nearly identical IFP action in this court, asserting claims of medical malpractice against Vassar arising from its failure to diagnose his broken ribs. *See Brock v. Vassar Brother Hosp.*, No. 22-CV-3998 (LTS) (S.D.N.Y. July 26, 2022). By order dated July 26, 2022, the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction. *See Brock*, ECF 1:22-CV-3998, 4. Plaintiff is warned that continued filing of duplicative litigation may result in the court directing him to show cause why he should not be barred from filing future actions IFP without first obtaining permission from the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   November 28, 2022
            New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                            Chief United States District Judge